IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STACI LYN CARNEY**, <br><br> Plaintiff, <br><br> v. <br><br> **PETER KIRBY** and **HAYDEE MARITZA LOPEZ**, <br><br> Defendants. | Case No. 3:20-cv-00798-IM <br><br> **OPINION AND ORDER** |

**IMMERGUT, District Judge.**

Plaintiff Staci Lyn Carney, proceeding *pro se*, brings this 42 U.S.C. § 1983 action against Defendants Peter Kirby and Haydee Maritza Lopez, respectively the property manager and owner of Michael Terrace Apartments, LLC.[1] ECF 1 at 2. Plaintiff filed an application to

---

[1] To the extent that Plaintiff is attempting to bring this action against Michael Terrace Apartment, LLC to appeal her eviction, such action is barred as Plaintiff previously brought that claim in *Carney v. Michael Terrace Apartment, LLC, et al.,* Case No. 3:19-cv-01782-IM, in which a final judgment of dismissal was entered by this Court on May 5, 2020. *See Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011) (holding that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action).

PAGE 1 – OPINION AND ORDER

proceed *in forma pauperis* (ECF 2), and a motion for the appointment of counsel (ECF 4). Plaintiff also requests that this Court issue a temporary restraining order to prevent the release of funds held in a state court proceeding.[2] ECF 6.

This Court grants Plaintiff's motion to proceed *in forma pauperis*. For the reasons stated below, however, this Court denies Plaintiff's motion for appointment of counsel and dismisses Plaintiff's complaint without prejudice. Plaintiff's motion for a temporary restraining order is denied as moot.

## STANDARD OF REVIEW

The court must dismiss an action initiated by a party proceeding *in forma pauperis*, if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (observing that this section applies to all *in forma pauperis* complaints).

A complaint fails to state a claim when there is no legal cognizable legal theory, or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035,1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The plaintiff "may not simply recite the elements of a cause of action, but must

---

[2] In her Motion for Temporary Restraining Order, Plaintiff identifies the state court proceeding as *Michael Terrace Apts., LLC v. Carney*, Multnomah County Circuit Court Case No. 18LT16907 and *Michael Terrace Apts., LLC v. Carney,* Oregon Court of Appeals Case No. A169754. See ECF 6 at 1.

[provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added).

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## DISCUSSION

Plaintiff seeks to challenge her eviction from Michael Terrace Apartments pursuant to a state court judgment in *Michael Terrace Apts., LLC v. Carney*, Multnomah County Circuit Court Case No. 18LT16907. *See* ECF 1 at 4; Or. Rev. Stat. § 105.110. Plaintiff claims her Fourteenth Amendment rights to equal protection and due process, as well as her Seventh Amendment right to a jury trial, were violated during that state court tenant-landlord dispute. ECF 1 at 4. Specifically, Plaintiff claims that she was not granted a jury trial and she was unrepresented. *Id.* In her prayer for relief, Plaintiff requests that this Court dismiss the eviction claim from the state court proceeding, and she seeks $13,500 apparently based on counterclaims she filed in that action. *Id.* Plaintiff also seeks $200,000 in punitive damages. *Id.* In Plaintiff's Motion for Temporary Restraining Order, Plaintiff alleges that the adverse party owes her $5,505 from a previous, unspecified trial and requests that this Court prevent the release of funds that she submitted to the state court pursuant to its judgment. ECF 6 at 2.

PAGE 3 – OPINION AND ORDER

This Court dismisses Plaintiff's complaint on the basis that (1) this Court lacks jurisdiction to act as an appellate court for a state court decision; and (2) Plaintiff has failed to state a claim upon which relief can be granted.

As this Court previously stated in *Carney v. Michael Terrance Apts., LLC,* Case No. 3:19-cv-01782-IM, under the *Rooker-Feldman* doctrine, this Court lacks subject-matter jurisdiction to hear a direct appeal or a *de facto* appeal from the final judgment of a state court. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). This rule bars hearing federal claims "inextricably intertwined" with an issue resolved by a state court, as exercising jurisdiction would constitute a forbidden *de facto* appeal. *Id.* at 779, 782. "A *de facto* appeal exists when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (internal quotations and citation omitted). In this case, Plaintiff asks this Court to review a state court judgment and dismiss the claims filed in that action, which it cannot do. *See* ECF 1 at 4; ECF 6 at 1. Accordingly, this Court lacks jurisdiction over Plaintiff's claim.

This Court also dismisses Plaintiff's complaint because it fails to state a claim on which relief may be granted. To state a claim for relief under section 1983, the complaint must allege, first, the violation of a right secured by the Constitution or laws of the United States, and, second, that the alleged deprivation was committed or caused by a person acting under color of law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff alleges that Defendants, with the help of the state court, unlawfully evicted her from her home. ECF 1 at 4. The complaint states that through that process, she did not receive equal protection, due process, or a jury trial. *Id*. To the extent that Plaintiff identifies a violation of her constitutional rights, she has not pled facts giving rise to a reasonable inference that the named defendants were personally involved in the alleged

PAGE 4 – OPINION AND ORDER

constitutional violation. *See McHenry v. Renne*, 84 F.3d 1172 1179–80 (9th Cir. 1996) (affirming dismissal of complaint which failed to "say which wrongs were committed by which defendants"). In other words, Plaintiff has not alleged facts to raise a reasonable inference that Defendants "acted under the color of state law" to deprive Plaintiff of her constitutional rights. *See Tower v. Glover,* 467 U.S. 914, 920 (1984) (explaining that a private party acts under color of state law where private party conspires with state officials to deprive others of their constitutional rights); *see also Tarkowski v. Robert Bartlett Reality Co.,* 644 F.2d 1204, 1206 (7th Cir. 1980) (holding that private person is not engaged in state action by merely invoking the exercise of judicial authority). As such, Plaintiff has failed to state a section 1983 claim against Defendants and her complaint is therefore dismissed.

Where a complaint can be remedied by amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *See Schucker*, 846 F.2d at 1203–04. Plaintiff is allowed 14 days from the date of this order to amend her claims against Mr. Kirby and Ms. Lopez by filing a complaint that complies with the requirements of Fed. R. Civ. P. 8(a) and otherwise demonstrates subject-matter jurisdiction. Plaintiff is advised that failure to file an amended complaint as ordered will result in the dismissal of this action.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff separately moved for appointment of pro bono counsel. ECF 4. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, under 28 U.S.C. § 1915(e)(1), the court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). The court has no power, however, to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301–08 (1989).

In order to determine whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate her claims pro se considering the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335–36; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F.2d at 1331; *see Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff has not demonstrated a likelihood of success on the merits. Moreover, this Court does not find that any difficulty Plaintiff "experienced in attempting to litigate [her] case derived from the complexity of the issues involved." *Wilborn*, 789 F.2d at 1331. Any difficulties she faced are "difficulties which any litigant would have in proceeding pro se; they do not indicate exceptional factors." *Wood*, 900 F.2d at 1335–36. Thus, the motion of appointment of pro bono counsel is denied.

## CONCLUSION

Plaintiff's Application for Leave to Proceed *in forma pauperis*, ECF 2, is GRANTED. Plaintiff's Motion for Appointment of Counsel, ECF 4, is DENIED. Plaintiff's Complaint, ECF 1, is DISMISSED without prejudice.

Within 14 days from the date of this order, Plaintiff may file an amended complaint as to the claims against Defendants Mr. Kirby and Ms. Lopez. Plaintiff's Motion for a Temporary Restraining Order, ECF 6, is DENIED as moot.

**IT IS SO ORDERED.**

DATED this 3rd day of June, 2020

                                                /s/ Karin J. Immergut
                                                Karin J. Immergut
                                                United States District Judge